**Revised: 07/08/2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **WILLIAM JOSEPH LOVETT,** | : | Case No. 7:10-CV-61 (HL) |
| | : | |
| vs. | : | |
| | : | |
| **LLOYD BISHOP CLARK, III, et al.,** | : | JURY TRIAL DEMAND |

## ORDER

**THIS ORDER, AND THE ATTACHED PRETRIAL ORDER FORM, MUST BE CAREFULLY READ. THIS ORDER, AND THE ATTACHED PRETRIAL ORDER FORM, ARE AMENDED FROM TIME TO TIME. THIS DOCUMENT INCLUDES THE LATEST REVISIONS.**

1.

This case is scheduled for trial during the term beginning October 11, 2011, in Valdosta, Georgia, at 9:00 am.

2.

A Rule 16 pretrial conference will be held in Valdosta, Georgia, at 1:30 p.m., on September 26, 2011. A lawyer for each party (or each party unrepresented by counsel) shall attend the pretrial conference.

3.

Lawyers (and parties not represented by counsel) who do not attend the pretrial conference will be bound by decisions made at the conference.

4.

Not less than seven (7) days prior to the pretrial conference, each party shall deliver the following to opposing parties:

(a) Copies of proposed trial exhibits of each party. Participants at the pretrial conference will be expected to be familiar with the proposed exhibits of all parties and should be prepared to make and respond to any objections to said exhibits.

(b)  A list of all witnesses who may be called at trial. Participants at the pretrial conference will be expected to be familiar with the proposed witnesses of all parties and should be prepared to make and respond to any objections to said witnesses.

(c)  A list of all depositions, including audio and video depositions, which may be used at trial. Participants at the pretrial conference will be expected to be familiar with the depositions of all parties and should be prepared to make and respond to any objections to said depositions.

(d)  Copies of any motions in limine. Participants at the pretrial conference should be prepared to discuss the merits of the motions at the pretrial conference.

Parties are strongly encouraged to confer with each other prior to the pretrial conference to mutually resolve any objections or motions.

Not less than seven (7) days before the date of the pretrial conference set in Paragraph 2 above, parties shall submit a joint proposed Pretrial Order in substantially the same form as, and covering all the matters referred to in, the attached proposed pretrial order form. Proposed Pretrial Orders must be physically delivered to the court or electronically mailed to the court as an attachment in word processing format, not PDF format. The subject line of the e-mail must include the case number and short title. To e-mail, go to the court's website, select E-Filing and click on the hyperlink "Submit Summons or Proposed Order."

6.

Not less than seven (7) days before the date of the pretrial conference set in Paragraph 2 above, parties shall electronically file with the Court:

(a)  A list of all witnesses who may be called at trial. Include a brief summary of the testimony each witness is expected to provide. Any witnesses not identified seven days prior to the date of the pretrial conference shall not be allowed  unless otherwise ordered by the Court or unless the witness could not have reasonably been identified within seven days of the date of the pretrial conference.

(b)  A list of all depositions, including audio and video depositions, which may be used at trial. Any depositions not identified seven days prior to the date of the pretrial conference shall not be allowed unless otherwise ordered by the Court.

(c)  All motions in limine. Any motion in limine not filed seven days prior to the date of the pretrial conference shall not be allowed absent a showing that the motions could not reasonably have been filed within seven days of the date of the pretrial conference.

(d)  A list of all pending motions or other matters which require ruling or other motions by the Court. Any pending motions not so identified shall be deemed abandoned by the movant.

(e)   A list of proposed voir dire questions for perspective jurors.

(f)   A list of proposed requests to charge the jury, if any. Each proposed request must be on a separate page, double spaced, and numbered for identification, and filed in original PDF format.

Any requests to charge the jury and voir dire questions not timely filed as required by this Order shall not be accepted unless otherwise ordered by the Court.

(g)   A list of any objections to depositions the party wants a ruling on prior to trial. The objections should be identified by page and line number, and the specific objection should be set out and explained. The parties are instructed to

attempt to resolve any objections to deposition testimony between themselves before asking for the Court's intervention.

7.

Any responses to motions or other documents filed by the opposing party must be filed electronically with the Court no later than 12:00 p.m. (noon) on the day before the pretrial conference. Any documents filed after that time or on the day of the pretrial conference will not be considered by the Court.

8.

At the pretrial conference each party shall:

(a) Produce copies of all proposed exhibits of the party. If production at pretrial of such exhibits is deemed unduly burdensome, a party may apply to the Court for relief prior to the pretrial conference. Unless otherwise ordered by the Court, exhibits produced at the pretrial conference shall be presented in a notebook, with an index of the exhibits included. Plaintiffs' exhibit numbers shall be preceded by the letter "P" and Defendants' exhibit numbers shall be preceded by the letter "D". Joint exhibit numbers shall be preceded by the letter "J". (When the same exhibit is to be used by each side, it should be treated as a joint exhibit and should be marked accordingly before the pretrial conference.)

At the trial, copies of the exhibit notebooks shall be furnished to the Court, the law clerk, and opposing parties and one copy of each notebook shall be placed on the

witness stand for use of the witnesses during trial. Exhibits not produced at the pretrial conference or excused from production by the Court will not be allowed at trial, absent a demonstration that the exhibit could not reasonably have been produced at the pretrial conference.

(b)  Make and respond to any objections as to authenticity of the exhibits. Any authenticity objections not made at pretrial shall be deemed waived.

(c)  Make and respond to any objections to the exhibits. Any objections to exhibits not made at the pretrial conference shall be deemed waived unless otherwise ordered by the Court or unless the objections could not have been known at the time of the pretrial conference.

(d)  Make and respond to any objections to witnesses. Any objections to witnesses not made at the pretrial conference shall be deemed waived, unless otherwise ordered by the Court or unless the objection could not have been known at the time of the pretrial conference.

(e)  Make and respond to any objections to depositions or the contents thereof. Any objections to depositions not made at the pretrial conference shall be deemed waived, unless otherwise ordered by the Court or unless the objection could not be known at the time of the pretrial conference. At the pretrial conference, the Court will entertain requests to take additional depositions prior to trial; however, if the Court

permits the parties to take such depositions, the Court will not entertain any objections to the testimony in such depositions.

(f) Be prepared to argue any motion that is pending at the pre-trial conference.

9.

Each party should be prepared to discuss the settlement efforts made in the case. Further, each party should come to the pretrial conference with settlement authority, or should bring someone with settlement authority.

BY ORDER OF THE COURT, THIS 16th day of August, 2011.

/s/ Hugh Lawson
HUGH LAWSON, Judge
United States District Court